IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Alvin L. Rose, | ) |
| | ) C/A No. 9:04-22743-JFA-GCK |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| Jo Anne B. Barnhart, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff, Alvin L. Rose, brings this action pursuant to Sections 205(g) of the Social Security Act as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI") benefits.

The plaintiff first applied for SSI in January 2002 and DIB in February 2002, alleging inability to work since May 30, 2001. His claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") issued a decision on May 12, 2004. The Appeals Council denied plaintiff's request for review which made the ALJ's decision final on August 20, 2004. The ALJ found that the plaintiff was not disabled and made the following findings.

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The medical evidence establishes the claimant has low back pain and lumbar spasm which are considered to be "severe" impairments, as defined in the regulations, but that he does not have an impairment or combination of impairments that meet or equal the criteria set forth in the Listing of Impairments.

4. The claimant has a medical impairment that could reasonably cause some of his subjective symptoms. However, the claimant's subjective allegations, including the level of pain, are not supported by the evidence, and are not fully credible to the extent alleged.

5.  The claimant has retained the residual functional capacity to lift and carrying [sic] 10 pounds frequently and 20 pounds occasionally with restrictions that require no climbing of ladders, ropes, or scaffolds; and no repetitive bending, twisting or climbing.

6.  The claimant is unable to perform the requirements of his past relevant work as a pipe layer.

7.  The claimant's residual functional capacity for the full range of light work is reduced by the limitations set forth in Finding No. 5.

8.  The claimant is 35 years of age and has a 12th grade education.

9.  Based on an exertional capacity for light work and the claimant's age, education, and work experience, sections 404.1569 and 416.969, Rule 202.20, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 directs a conclusion of "not disabled."

10. Although the claimant's additional exertional and nonexertional limitations do not allow him to perform the full range of light work, using the above cited rule as a framework for decision making, in conjunction with testimony from a vocational expert, there are a significant number of jobs in the national economy which he can perform. Examples of such jobs are cleaner/housekeeper, fast food worker, and laundry laborer.

11. The claimant was not under a "disability" as defined in the Social Security Act and regulations, at any time through the date of this decision.

The plaintiff was 35 years old at the time of the ALJ's decision. He attended high school through the twelfth grade and received a certificate. He has relevant work as a maintenance man on a golf course and a pipe layer. He alleges disability due to a back injury in 2001, muscle spasms, constant pain, asthma, disturbed sleep, depression, side effects of medications, problems sitting, standing, walking, bending, and he uses a cane for ambulation.

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, *e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred has filed a detailed Report recommending that the Commissioner's decision be affirmed and that the ALJ's findings are supported by substantial evidence.

The parties were advised of their right to file specific written objections to the Report and Recommendation ("Report") which was entered on October 19, 2005. As of the date of this order, no objections have been filed.

Having reviewed the findings of the ALJ, the Report, and the briefs from the plaintiff and the Commissioner on this issue, the court finds the Magistrate Judge's recommendation is proper. Accordingly, the court adopts the Report and Recommendation of the Magistrate Judge and the Commissioner's decision is affirmed.

IT IS SO ORDERED.

*Joseph J. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

November 15, 2005
Columbia, South Carolina